UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELINA DARK and TRAVIS BARRY,<br><br>Plaintiffs,<br><br>v.<br><br>TOURO COLLEGE,<br><br>Defendant. | Case No.: 1:21-cv-07355-DLC |

**PROTOCOL FOR THE DISCLOSURE, SEARCH, AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

Plaintiffs, Celina Dark and Travis Barry ("Plaintiffs"), and Defendant Touro College ("Defendant") (together, the "Parties" and each individually a "Party"), hereby agree to the following protocol for the disclosure of electronic systems, and both the search for and production of electronically stored information, or "ESI" (the "Protocol"). It is the Parties' objective that this Protocol facilitate the just and efficient completion of ESI discovery and to promote, whenever possible, the early resolution of disputes regarding ESI discovery without the need for Court intervention. Nothing in this Protocol shall limit a Party's right to seek or object to discovery as set out in the Federal Rules of Civil Procedure ("FRCP") and/or Local Civil Rules of the United States District Court for the Southern District of New York ("Local Rules"), or to object to the authenticity or admissibility of any ESI produced pursuant to this Protocol.

**I.   GENERAL AGREEMENTS**

**A.   Scope of Discovery:** The standards, limits, and scope of discovery shall be governed by the FRCP and Local Rules. The Parties agree to meet and confer in good faith with regard to any discovery disputes, and any dispute the parties cannot resolve amicably shall be resolved under the burdens and standards set forth in the FRCP and Local Rules.

1

**B.     No Designation of Discovery Requests:** Production of ESI in the reasonably usable form set out in this Protocol, including Attachment A, need not include any reference to the requests to which a document or ESI may be responsive, except as may be required by the FRCP or Local Rules.

**C.     Inadvertent Production:** The inadvertent production of any material constituting or containing attorney-client privileged information or work product, or constituting or containing information protected by applicable privacy laws or regulations, shall be governed by the FRCP, Local Rules, and other applicable State and federal laws.

**II.     ELECTRONICALLY STORED INFORMATION**

**A.     Production in Reasonably Useable Form:** The Parties shall produce ESI in reasonably usable form. Except as stated in Section II(B) below or as agreed hereafter by the Parties, such reasonably usable form shall be the single-page PDF format with extracted or OCR text (*i.e.*, text searchable) as set out in Attachment A, which is incorporated in full in this Protocol. If the receiving Party seeks production in native format of specifically identified ESI produced originally in PDF form, the producing Party shall respond reasonably and in good faith to any such request. Each Party may make requests for production of specifically identified documents in color and the other Party shall respond reasonably and in good faith to any such request.

**B.     Documents Subject to Production in Native Format:** Electronic spreadsheets (*e.g.*, Excel), electronic presentations (*e.g.*, PowerPoint), desktop databases (*e.g.*, Access), and audio/video multimedia files that have been identified as responsive shall be produced in native format. The Parties may, by mutual agreement memorialized via email, allow production of additional categories of documents in native format without the need to amend this Protocol.

### C. **Use of Search Terms and Custodians:**

**i.** The Parties shall meet and confer to discuss the use of reasonable search terms, file types, and date ranges. The agreed upon search terms, custodians, and date ranges shall be reflected in a document to be attached hereto as Attachment B. The producing Party shall retain the sole right and responsibility to conduct the searches of its data files.

**ii.** To the extent the search terms agreed upon by the Parties result in excessive and/or overly burdensome results, the producing Party retains the right to meet and confer with the receiving Party to seek revisions to search terms following disclosure of a hit report reflecting the excessive and/or overly burdensome results. The receiving Party will meet and confer with regard to same in good faith. Any disagreements that cannot be resolved between the Parties will be submitted to the Court.

**iii.** Nothing in this section shall limit a Party's right to seek additional terms and/or custodians, or to revise the date range(s) for any search, to be applied to Attachment B at any point during discovery. The Parties shall meet and confer in good faith on any such requests before seeking the Court's intervention.

**iv.** The Parties will cooperate reasonably and in good faith to disclose and identify the ESI systems (*i.e.*, devices, email systems, and other computer software) that may contain relevant and/or responsive ESI. However, identification of any such ESI system does not waive any right by either Party to object to the search thereof or to object to the production of any ESI contained within such system for any reason.

      **v.**    Keyword searches will be conducted of the email systems and internal messaging systems (*e.g.*, Skype for Business, Slack, Microsoft Teams, Google Hangouts) for the agreed-upon custodians. The keywords, custodians, and time frames used for these searches are set forth in Attachment B.

      **vi.**    Plaintiffs and/or their attorneys will conduct a linear review of their personal email accounts, text messages, social media postings and profiles, and electronic files for relevant and responsive documents.

    **D.**    **Deduplication:** A Party is required to produce only a single copy of a responsive document and may deduplicate responsive ESI across custodians. Each Party may deduplicate emails in such a way as to eliminate earlier or incomplete chains of emails and produce only the most complete iteration of an email chain. Any deduplication tool used by a Party must ensure that an email will be suppressed only if its recipients (including carbon copy ("cc") and blind carbon copy ("bcc") recipients), subject, body text (excluding specified automatic footers and normalized to consolidate white space), and attachments are wholly included in another more complete email.

    **E.**    **Privilege:** The Parties agree that any ESI directly involving any attorney at the Parties' respective law firms (Faruqi & Faruqi, LLP for Plaintiffs; Cozen O'Connor for Defendant) that is withheld as privileged need not be noted on a privilege log. To the extent either Party asserts privilege over any other ESI (*i.e.*, ESI not directly involving an attorney at the Parties' respective law firms), such ESI must be noted in a privilege log pursuant to FRCP 26(b)(5).

**SO STIPULATED AND AGREED.**

*[Remainder of this page intentionally left blank. Signatures on following page.]*

So ordered.

/s/ Denise Cote
1/11/22

4

Dated: January 10, 2022
New York, New York

**FARUQI & FARUQI, LLP**

By: _____
Alex J. Hartzband
Camilo M. Burr

685 Third Avenue, 26th Floor
New York, New York 10017
ahartzband@faruqilaw.com
cburr@faruqilaw.com

*Attorneys for Plaintiffs*

Dated: January 10, 2022
Pittsburgh, Pennsylvania

**COZEN O'CONNER**

By: _____
Mariah L. Passarelli

301 Grant Street, 41st Fl.
Pittsburgh, Pennsylvania 15219
mpassarelli@cozen.com

*Attorneys for Defendant*

5